```
                  UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF WEST VIRGINIA

                             CHARLESTON
```

**MYCHAEL THOMAS**

      **Plaintiff,**

v.                                    Case No. 2:10-cv-00530

**CORRECTIONAL OFFICER CHILDRESS,**

      **Defendant.**


### PROPOSED FINDINGS AND RECOMMENDATION

On April 20, 2010, Plaintiff, Mychael Thomas, filed the instant action (Complaint, docket # 2). On April 26, 2010, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs (# 4). The Complaint alleges that the defendant violated Plaintiff's constitutional rights.

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most

favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

---

[1] A motion to dismiss has not been filed in this case yet. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*,

**Elements of Cause of Action**

A civil rights action filed pursuant to 42 U.S.C. § 1983 has three elements: (1) deprivation of a right secured by the Constitution or other law of the United States, (2) by a person, (3) acting under color of State law.  It appears that Plaintiff is asserting that he was deprived of his right to be free of cruel and unusual punishment, secured by the Eighth and Fourteenth Amendments to the Constitution, by defendant Childress who, as a correctional officer at the South Central Regional Jail, was a "person" acting under color of State law.

The Supreme Court has held that an element of intent is implicit with respect to the term "punishment," and that a plaintiff must show that the defendant's conduct was "wanton," with due regard for whether an emergency situation exists.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991).  "[T]he punishment must not involve the unnecessary and wanton infliction of pain."  <u>Gregg v. Georgia</u>, 428 U.S. 153, 173 (1976).

**Facts**

Viewing the allegations of the Complaint as true, Plaintiff alleges that, on April 16, 2010, he was denied the "right to eat lunch."  The Complaint further states:

---

asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

3

> I receive a special tray which consist of no beans nor white bread, which my tray was not on cart and what was served I could not eat. So I informed Correctional Officer Childress who was the pod rover and serving lunch at this time, which Officer Childress stated he was going to the kitchen to get me my right tray, which he did not do. I informed the officer in the tower, which he refused to radio Officer Childress regarding my lunch. When I ask the name of the officer in the tower, he refused to give me his name, violating my rights as well.
>
> Officer King then stepped in pod with the nurse to give an inmate his medication, which I then informed Officer King about not receiving lunch, which Officer King then radio the tower telling the officer in the tower I did not receive my lunch tray, still no accomplishments. I did not receive any lunch on Friday the 16th of April 2010, which is my right. I am also a federal inmate. Due to the civil right violation of me in denial of lunch (meal) it caused me to feel light headed, weak and pain in my stomach, until next meal was served.

(# 1 at 4-5). Plaintiff seeks monetary damages and release from incarceration. (Id.)

## Analysis

Plaintiff is a federal pre-trial detainee, who is presently incarcerated at the South Central Regional Jail. Confinement conditions of pretrial detainees are evaluated under the due process clause of the Fourteenth Amendment, rather than under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979). However, the analysis of such claims under the Fourteenth Amendment shares much in common with the Eighth Amendment approach. As noted by the United States Court of Appeals for the Fourth Circuit in Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997), "[b]oth seek to balance the rights of prisoners and pre-trial

detainees against the problems created for officials by the custodial context."

In order to state a claim under the Fourteenth Amendment, a plaintiff need only prove that his confinement amounts to punishment. See Nelson v. Collins, 659 F.2d 420, 425 (4th Cir. 1981). "However, not every hardship encountered during pre-trial detention amounts to 'punishment' in the constitutional sense." Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992).

In order to demonstrate that a particular condition of confinement constitutes impermissible "punishment," the inmate must show either 1) an "express intent" to punish or 2) a lack of a reasonable relationship "to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988)(citing Bell, 441 U.S. at 538-40).

Allegations of unsanitary and inadequate food may sufficiently state a cognizable constitutional claim, but only where the deprivation is serious. See, *e.g.*, Wilson v. Seiter, 501 U.S. 294, 302-03 (1991); Bolding v. Holshouser, 575 F.2d 461, 465 (4th Cir. 1978). Plaintiff's allegations do not establish an express intent on the part of the defendant to punish Plaintiff, or a lack of a reasonable relationship to a legitimate nonpunitive governmental objective, from which a punitive intent may be inferred.

Plaintiff has failed to show that the one time failure to deliver him a proper lunch tray constitutes "punishment;" nor has Plaintiff shown that he suffered even <u>de minimis</u> injury resulting from the challenged condition at the jail. Plaintiff claims that he was "light headed, weak and [had] pain in my stomach until next meal was served." Yet, he has not demonstrated that he had any lingering effects from the incident. Thus, the deprivation was not serious. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

### Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A, and that Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (# 4) be denied.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

    May 19, 2010
        Date

Mary E. Stanley
United States Magistrate Judge